# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

COURTNEY L. SNODERLY,

               Plaintiff,

DEAN HEALTH PLAN, INC., and              Case No. 25-CV-355
LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON,

               Involuntary Plaintiffs,

      v.

INCLINE CASUALTY COMPANY, et al.,

               Defendants.

## DECISION AND ORDER

### 1. Background

Courtney Snoderly filed this lawsuit against Incline Casualty Company, DTP Trucking Inc., Tesfay B. Teklizghi, Ace American Insurance Company, and J.B. Hunt Transport, Inc. after a motor vehicle collision in Milwaukee, Wisconsin, on December 14, 2022. (ECF No. 1-1.) The following facts are from the plaintiff's complaint. (*Id.*)

On December 14, 2022, Teklizghi was driving a semi-truck for DTP Trucking. (ECF No. 1-1, ¶ 7). Teklizghi was hauling a load that J.B. Hunt Transport agreed to transport

under its motor carrier authority. (*Id.*, ¶ 9.) While driving, Teklizghi struck Snoderly's vehicle, causing her significant and permanent injuries. (*Id.*, ¶ 11.)

Snoderly alleges that Teklizghi was an "employee, agent, representative, subcontractor, and/or servant" of J.B. Hunt (ECF No. 1-1, ¶ 7) and that J.B. Hunt is vicariously liable for Teklizghi's negligence under the doctrine of respondeat superior (*Id.*, ¶ 9).

On July 7, 2025, J.B. Hunt and its insurer, Ace American Insurance Company, moved for judgment on the pleadings under Rule 12(c). (ECF No. 39.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 7, 8, 10, 18, 27), and the matter is ready for resolution.

## 2. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed … a party may move for judgment on the pleadings." A Rule 12(c) motion requires the court to apply the same standard applicable to a Rule 12(b)(6) motion. To survive a motion for judgment on the pleadings, "the complaint must state a claim that is plausible on its face." *St. John v. Cach*, *LLC*, 822 F.3d 388, 389 (7th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court "draws all inferences and facts in favor of the nonmovant, … [but] need not accept as true any legal assertions or recital of the

elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist*, LLC, 762 F.3d 661, 665 (7th Cir. 2014).

**3. Analysis**

J.B. Hunt argues that Snoderly failed to plead facts plausibly supporting a claim for vicarious liability under the doctrine of respondeat superior and that her claim against J.B. Hunt should be dismissed. (ECF No. 40 at 6.) It asserts that Snoderly's complaint contains only conclusory allegations and does not allege facts supporting a master/servant relationship between J.B. Hunt and Teklizghi. (*Id*. at 8–9.)

In response, Snoderly argues that her complaint alleges sufficient facts to plausibly suggest J.B. Hunt is vicariously liable for Teklizghi's negligence. (ECF No. 45 at 1.) Snoderly contends that J.B. Hunt is vicariously liable because Teklizghi was hauling a load that J.B. Hunt "bound itself to by contract," making it plausible that Teklizghi was acting as J.B. Hunt's "employee, agent, representative, subcontractor, and/or servant." (*Id*. at 7.)

**3.1. Vicarious Liability Under the Doctrine of Respondeat Superior**

Vicarious liability under the doctrine of respondeat superior is "liability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) because of the relationship between the two parties." *Kerl v. Dennis Rasmussen, Inc.*, 682 N.W.2d 328, 335 (Wis. 2004). Under certain circumstances, the law will impose vicarious liability "on a person who did not commit

3

the tortious conduct but nevertheless is deemed responsible by virtue of the close relationship between that person and the tortfeasor." *Id.* at 334.

In Wisconsin, the existence of a master/servant relationship is a prerequisite for imposing vicarious liability under the doctrine of respondeat superior. *Kerl*, 682 N.W.2d at 335 (citing *Arsand v. Franklin*, 264 N.W.2d 579, 583 (Wis. 1978); Restatement (Second) of Agency, § 219 (1958)). A "master" is a principal "who employs an agent to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service." *Id.* (citing Restatement (Second) of Agency, § 2(1)). And a "servant" is someone "employed to perform service for another in his affairs and who, with respect to his physical conduct in the performance of the service, is subject to the other's control or right to control." *Heims v. Hanke*, 93 N.W.2d 455, 458 (Wis. 1958) (citing Restatement (Second) of Agency, § 220).

To determine whether a master/servant relationship exists, Wisconsin courts look at whether the "master" exercised or had a right to exercise control over the "servant." *Kerl*, 682 N.W.2d at 336. Without the aspect of control, the usual justifications for imposing vicarious liability—to promote safety and the exercise of due care—lose force. *Tischauser v. Donnelly Transp., Inc.*, No. 20-C-1291, 2023 U.S. Dist. LEXIS 215815, *25, 2023 WL 8436321, *7 (E.D. Wis. Dec. 4, 2023); *see also Kerl*, 682 N.W.2d at 336 (noting that "only a 'master' who has the requisite degree of control or right of control over the physical

conduct of a 'servant' in the performance of the master's business will be held vicariously liable").

To state a claim for vicarious liability under the doctrine of respondeat superior a plaintiff must plead facts that plausibly suggest a master/servant relationship existed and that the master "had control" or the "right to control the day-to-day physical conduct of the agent …." *Tischauser*, 2023 U.S. Dist. LEXIS 215815, at *25; *see also Kerl*, 682 N.W.2d at 335; *Pamperin v. Trinity Mem'l Hosp.*, 423 N.W.2d 848, 852 (Wis. 1988). And while "the right to control is the dominant test in determining whether an individual is a servant," the court may consider other factors, including "the place of work, the time of the employment, the method of payment, the nature of the business or occupation, which party furnishes the instrumentalities or tools, the intent of the parties to the contract, and the right of summary discharge of employees." *Lang v. Lions Club of Cudahy Wis., Inc.*, 939 N.W.2d 582, 608 (Wis. 2020).

To support her claim for vicarious liability, Snoderly alleges that Teklizghi was an "employee, agent, representative, subcontractor, and/or servant" of J.B. Hunt (ECF No. 1-1, ¶ 7.) and that J.B. Hunt "bound itself pursuant to contract to transport the load that Tesfay B. Teklizghi was hauling, driving, and transporting at the time of the below-described incident." (*Id.*, ¶ 9.)

Snoderly's complaint does not plausibly suggest J.B. Hunt had control or the right to control Teklizghi's day-to-day conduct. *See Tischauser*, 2023 U.S. Dist. LEXIS 215815, at

*25 (dismissing vicarious liability claim in a motor vehicle accident because the plaintiff failed to allege the broker had control or the right to control the driver's conduct). Snoderly pleads elements of vicarious liability, such as "employee" and "servant," but does not allege facts plausibly suggesting J.B. Hunt was Teklizghi's employer. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

As was the case with the plaintiff in *Tischauser v. Donnelly Transp., Inc.*, Snoderly does not allege that a contract existed between J.B. Hunt and Teklizghi. Snoderly alleges that J.B. Hunt contracted to transport the load that Teklizghi was driving at the time of the collision, but does not allege the existence of a contract between J.B. Hunt and Teklizghi. *See Tischauser*, 2023 U.S. Dist. LEXIS 215815; (ECF No. 1-1, ¶ 9.) The existence of a contract does not plausibly suggest that Teklizghi was J.B. Hunt's employee or servant and says nothing about J.B. Hunt's control over Teklizghi or right to control Teklizghi, or J.B. Hunt's control over the delivery at issue. *See, e.g.*, *Montgomery v. Caribe Transp. II, LLC*, 124 F.4th 1053, 1056 (7th Cir. 2025) (dismissing vicarious liability claim because the plaintiff failed to show that the broker "retained the right to control the manner of delivery, rather than its 'mere result'").

Beyond control, Snoderly does not allege any of the other facts which courts consider in reviewing vicarious liability claims. All Snoderly alleges is that J.B. Hunt was a motor carrier under the federal regulations and contracted to transport the load

6

Teklizghi was hauling. (ECF No. 1-1, ¶ 9.) Snoderly does not plead facts sufficient to plausibly allege the existence of a master/servant relationship, a prerequisite for vicarious liability under the doctrine of respondeat superior.

### 4.  Leave to Amend Under Rule 15(a)(2)

In the event the court concludes that Snoderly's complaint fails to plausibly allege a claim for vicarious liability against J.B. Hunt, Snoderly requests leave to amend her complaint under Rule 15 of the Federal Rules of Civil Procedure. (ECF No. 45 at 9.) Rule 15(a)(2) prescribes a liberal standard for granting leave to amend a complaint after it has been dismissed. *See, e.g.*, *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510 (7th Cir. 2015). In general, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Id.* at 519. Courts give leave to amend "especially [] when such permission is sought after the dismissal of the first complaint." *Id.* at 519–520.

Snoderly's request for leave to file an amended complaint is granted.

**IT IS THEREFORE ORDERED** that the defendants' Ace American Insurance Company and J.B. Hunt Transport, Inc.'s motion for judgment on the pleadings (ECF No. 39) is GRANTED. The plaintiff may file an amended complaint no later than 14 days after the date of this order.

Dated at Milwaukee, Wisconsin this 12th day of September, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge